UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAMIAN BRIGGS #70773-509     CASE NO. 6:23-CV-00900 SEC P

VERSUS     JUDGE ROBERT R. SUMMERHAYS

UNKNOWN DEFENDANTS     MAGISTRATE JUDGE WHITEHURST

ORDER and REASONS

Before the Court is a letter-motion filed by *pro se* Plaintiff, Damian Briggs, an inmate confined at the Federal Correctional Institution, Beaumont ("FCI Beaumont"). [ECF No. 9]. On September 8, 2023, Plaintiff's application to proceed *in forma pauperis* was granted.[1] Plaintiff now asks that the Court "disregard" the complaint and "put it on hold" until he is released from custody.[2] He further asks that the Court return those portions of the filing fee previously collected.

In 1996, in reaction to "a sharp rise in prisoner litigation," Congress enacted the Prison Litigation Reform Act ("PLRA"), which "placed several limitations on prisoner litigation in federal courts."[3] "Among those limitations, Congress required prisoners qualified to proceed *in forma pauperis* nevertheless to pay an initial partial filing fee," and "[t]hereafter, to complete payment of the filing fee . . . in monthly installments. . . ."[4] The law mandates that a prisoner who files a civil action is "required to pay the full amount of a filing fee."[5] The purpose of this requirement is "to deter frivolous prisoner litigation in the courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[6] A prisoner

---

[1] ECF Nos. 6, 7.
[2] ECF No. 9.
[3] *Bruce v. Samuels*, 577 U.S. 82, 84, 85 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 83 (2006)).
[4] *Id.*
[5] 28 U.S.C. § 1915(b)(1).
[6] *Jackson v. Stinnett*, 102 F.3d 132, 136-37 (5th Cir. 1996) (quoting *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996)).

who is granted permission to proceed *in forma pauperis* becomes "obligated to pay the full filing fee upon the filing of a complaint," and this obligation remains regardless of the disposition of the case.[7] "No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal."[8]

As Plaintiff has identified no exception to the statute's requirement that he is obligated to pay the full filing fee (nor is the Court aware of any such exception), Plaintiff's request for return of the portion of the filing fee already paid must be denied. To the extent Plaintiff moves for a stay of proceedings until his release from custody, the motion is denied.[9] In light of the forgoing, to the extent Plaintiff seeks to dismiss this suit, he is to so advise the Court in writing, on or before November 30, 2023.

For these reasons, Plaintiff's letter-motion is DENIED in part and DEFERRED in part. The motion is denied to the extent it seeks a return of the filing fee, and it is denied to the extent it seeks a stay of proceedings. To the extent Plaintiff moves to dismiss this suit, the motion is deferred pending clarification for Plaintiff.

THUS DONE in Chambers on this ___19th___ day of October, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[7] *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000); *Johnson v. Rhodes*, 220 F.3d 587, *1 (5th Cir. 2000).
[8] *Hatchet* at 654 (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997)).
[9] As of this date, Plaintiff's projected release date is July 1, 2028. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 19, 2023).