UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DAMIAN BRIGGS | DOCKET NO. 6:23-cv-0900 |
| | SECTION P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| UNKNOWN DEFENDANTS, ET AL | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the court is an amended complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Damian Briggs, who is proceeding *pro se* and *in forma pauperis* in this matter. Doc. 5. Plaintiff complains about the conditions of his confinement at the Federal Correctional Institute – Beaumont ("FCI-Beaumont"), located in Beaumont, Texas.

## I.  BACKGROUND

Plaintiff filed the instant suit alleging that the conditions at FCI-Beaumont are "so stressful, diabolical, destructive and also disastrous" to his mental, spiritual, and physical health. Doc. 5, p. 3.

## II.  LAW & ANALYSIS

Through the instant complaint, Briggs seeks to assert constitutional violations against prison officials at FCI-Beaumont, located in Beaumont, Texas. A defendant must have purposefully established minimum contacts within the forum state before personal jurisdiction will be found to be reasonable and fair. *Int'l Shoe Co. v. Washington*, 66 S. Ct. 154 (1945). A federal district court may only exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

Louisiana's long-arm statute provides, in pertinent part:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

   (1) Transacting any business in this state.

   (2) Contracting to supply services or things in this state.

   (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

   (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

   (5) Having an interest in, using or possessing a real right on immovable property in this state.

   (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

   (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

   (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

La. R.S. §13:3201.

Briggs has not alleged facts, nor has he provided evidence, to suggest that any of the individuals involved maintained the sort of systematic and continuous contacts with Louisiana that would establish personal jurisdiction. Accepting Briggs' factual allegations as true, any potential claims occurred at FCI-Beaumont, in Beaumont, Texas.

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. 28 U.S.C.A. § § 1404, 1406 (West 1993). Section 1404 provides, in pertinent part: For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a)(West 1993). A case may be transferred upon a motion or *sua sponte. Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). The district court has broad discretion in deciding whether to order a transfer. *Id*.

### III.  CONCLUSION

For the reasons stated above, this matter, which arose in Beaumont, Texas, located in the judicial district of the United States District Court, Eastern District of Texas, should be transferred to the United States District Court, Eastern District of Texas.

Accordingly,

**IT IS ORDERED** that the instant matter be transferred to the United States District Court for the Eastern District of Texas.

**THUS DONE AND SIGNED** in chambers this 22nd day of April, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**